IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LANCASTER CENTER, LLC | § | |
| | § | |
|   Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| WESTERN WORLD INSURANCE | § | |
|   COMPANY, | § | |
| | § | |
|   Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Western World Insurance Company files this Notice of Removal.

### THE PARTIES

1.     Plaintiff Lancaster Center, LLC is now and at the time suit was filed was a citizen of the State of Texas.  (See Appendix page 4, ¶2.)

2.     Defendant Western World Insurance Company is now a corporation incorporated in the State of New Hampshire and with its principal place of business in New Jersey, and at the time suit was filed was a corporation incorporated in the State of New Hampshire and with its principal place of business in New Jersey.

### DIVERSITY, TIMELINESS, AMOUNT IN CONTROVERSY, REMOVABILITY, AND VENUE

3.     Because Plaintiff  was and is a citizen of Texas when suit was filed, and because Defendant Western World is now and was at the time suit was filed a citizen of New Hampshire and New Jersey, complete diversity of citizenship exists among the parties:

4.     Defendant Western World files this Notice of Removal within 30 days of the date that

the Plaintiff's Original Petition was served on the Commissioner, exclusive of legal holidays, Saturdays, and Sundays.  (See Appendix page 1.)

5.      The amount in controversy exceeds $75,000.00, exclusive of interests and costs.  (See Appendix 5, ¶ 4.

7.      Because complete diversity of citizenship exists among the parties, and because the amount in controversy exceeds $75,000.00 exclusive of interests and costs, this action is removable under 28 U.S.C. §§ 1332 and 1441.

8.      Venue is proper in the present Court pursuant to 28 U.S.C. 1441(a), because the U.S. District Court for the Northern District of Texas, Fort Worth Division embraces the 236th District Court, Tarrant County Texas, where the State Court Action was originally filed.

9.      True and correct copies of the state court filings to date are attached to this Notice. (See Appendix pages 1 through 17.)

<u>**CONCLUSION**</u>

By this Notice of Removal, Defendant Western World does not waive any objections it may have as to service, jurisdiction or venue or any other defenses or objections it may have to this action, except as expressly herein admitted, and Western World expressly reserves all defenses, motions and pleas.

Respectfully submitted,


By:     *Robert G. Hogue*
        Robert G. Hogue
        State Bar No. 09811050

        ROBERT G. HOGUE, P.C.
        Highland Park Place
        4514 Cole Avenue, Suite 600
        Dallas, Texas 75205-4193
        Phone: (214) 559-7107

Fax: (214) 559-7101
email:  robhogue@msn.com

COUNSEL FOR DEFENDANT
WESTERN WORLD INSURANCE COMPANY

### CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June 2017, a true and correct copy of this document was served on opposing counsel as follows:

Mr. Shaun W. Hodge                                     Via e-Service
The Hodge Law Firm, PLLC
2211 Strand, Suite 302
Galveston, Texas  77550

By:     *Robert G. Hogue*
        Robert G. Hogue

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LANCASTER CENTER, LLC | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| WESTERN WORLD INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## INDEX OF STATE COURT DOCUMENTS

| DOCUMENT | FILE DATE | PAGES |
|---|---|---|
| Officers Return . | 05/10/2017 | 1 |
| Citation | 05/10/2017 | 2 - 3 |
| Plaintiff's Original Petition | 05/3/2017 | 4 – 17 |
| Civil Process Request | 05/03/2017 | 18 - 19 |

**INDEX OF STATE COURT DOCUMENTS**

Cause Number 236-291904-17

LANCASTER CENTER, LLC

VS

WESTERN WORLD INSURANCE
COMPANY

## OFFICER'S RETURN

Received   this   __Citation By Certified Mail__   on   the 4th day of May, 2017   at 3:26 PM ; and   executed   at

__To and through the Commissioner Of Insurance, 333 Guadalupe, Austin, Texas 78701__

within the county of _____ State of NJ on the 8th day of May, 2017   by   mailing   to

the within named __WESTERN WORLD INSURANCE COMPANY__   a true copy of this __Citation By Certified Mail__

together with the accompanying copy of:

__PLAINTIFF'S ORIGINAL PETITION__

Authorized Person/Constable/Sheriff: Thomas A. Wilder

100 N CALHOUN

FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By 

Fees $ 75.00                  EMMA SMITH

(Must be verified if served outside the State of Texas)

State of _____ County of _____

Signed and sworn to by the said _____ before me this _____

to certify which witness my hand and seal of office

(Seal)                  _____

County of Tarrant, State of Texas

*23629190417000007*

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY
**ORIGINAL**

### CITATION

*Cause No. 236-291904-17*

LANCASTER CENTER, LLC
VS.
WESTERN WORLD INSURANCE COMPANY
To and through the Commissioner Of Insurance, 333 Guadalupe, Austin, Texas 78701
TO: WESTERN WORLD INSURANCE COMPANY

300 KIMBALL DR STE 500 PARSIPPANY, NJ 07054

SERVICE OF PROCESS MAY BE HAD UPON DEFENDANT BY DELIVERING TO THE COMMISSIONER OF INSURANCE, STATE OF TEXAS, TRIPLICATE
COPIES OF THIS CITATION TOGETHER WITH TRIPLICATE COPIES OF THE PLAINTIFF'S PETITION ATTACHED HERETO.
You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof
before the 236th District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth,
Tarrant County, Texas said PLAINTIFF being

LANCASTER CENTER LLC

Filed in said Court on May 3rd, 2017 Against
WESTERN WORLD INSURANCE COMPANY

For suit, said suit being numbered 236-291904-17 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

### SHAUN W HODGE
**Attorney for LANCASTER CENTER LLC Phone No. (409)763-3260**
**Address      OLD GALVESTON SQUARE 2211 THE STRAND, STE 202 GALVESTO**

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 4th day of May, 2017.

By *Anthony Ferrara*

ANTHONY FERRARA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN  *23629190417000007*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by mailing to the within named _____
_____
a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION  having first
endorsed on same the date of delivery.

_____

Deputy/Constable/Sheriff: _____
County of _____ State of _____  By _____ Deputy
Fees $_____           _____
State of _____  County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                    _____
County of _____, State of _____

7015 0640 0002 0984 5511

002

## CITATION

Cause No. 236-291904-17

**LANCASTER CENTER, LLC**

VS.

**WESTERN WORLD INSURANCE COMPANY**

ISSUED

This 4th day of May, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By      ANTHONY FERRARA Deputy

---

SHAUN W HODGE
Attorney for: LANCASTER CENTER LLC
Phone No. (409)763-3260
ADDRESS: OLD GALVESTON SQUARE
     2211 THE STRAND, STE 202
     GALVESTON, TX 77550

*CIVIL LAW*



*23629190417000007*

ORIGINAL

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ 3.35

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery  $ 1.95
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postage   2.03

$ 13.08

WESTERN WORLD INSURANCE COMPANY
THROUGH TX COMMISSIONER OF INSURANCE
333 GUADALUPE
AUSTIN, TX 78701

236-291904-17   DP/AF/CM

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7015 0640 0002 0984 5511

Postmark Here

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   WESTERN WORLD INSURANCE COMPANY
   THROUGH TX COMMISSIONER OF INSURANCE
   333 GUADALUPE
   AUSTIN, TX 78701
   236-291904-17   DP/AF/CM

   9590 9403 0953 5223 4128 14

2. Article Number (Transfer from service label)

   7015 0640 0002 0984 5511

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                              ☐ Agent
                               ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

RECEIVED
MAY 08 2017
TEXAS DEPT. OF INSURANCE
MAIL SERVICES

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
  Mail
  Mail Restricted Delivery
  ($0)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

FILED
TARRANT COUNTY
2017 MAY 10 AM 9:21
THOMAS A. WILDER
DISTRICT CLERK

003

FILED
TARRANT COUNTY
5/3/2017 5:02:08 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____

236-291904-17

| | | |
|---|---|---|
| **LANCASTER CENTER, LLC,** | § | **IN THE DISTRICT COURT OF** |
| Plaintiff | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **WESTERN WORLD** | § | |
| **INSURANCE COMPANY,** | § | |
| Defendant | § | **TARRANT COUNTY, TEXAS** |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LANCASTER CENTER, LLC (hereinafter collectively referred to as "Lancaster Center" or "Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of WESTERN WORLD INSURANCE COMPANY ("Western World" or "Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2.     Plaintiff, Lancaster Center, is a Texas corporation domiciled in Tarrant County, Texas.

3.     Defendant Western World is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas.  Upon information and belief, according to the Texas Department of Insurance, Western World has its principal place of business located at 300 Kimball Drive, Suite 500, Parsippany, NJ 07054 and operates under National Association of Insurance Commissioner's (NAIC)

---

number 13196 and Texas Department of Insurance (TDI) license number 101155.  This

Defendant has no designated agent in Texas on whom service of citation may be made in

this cause.  The causes of action arose from or are connected with purposeful acts

committed by this Defendant in Texas.  Accordingly, the Defendant may be cited and

served with process pursuant to Texas Administrative Code, Title 28, Part 1, Chapter 7,

Subchapter N, Rules §§ 7.1405 and 7.1414 by serving the Commissioner of Insurance,

Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701.  Upon

information and belief, the Commissioner may forward citation by certified mail to

Western World Insurance Company, 300 Kimball Drive, Suite 500, Parsippany, NJ 07054.

Accordingly, Plaintiff requests citation, along with two e-filed copies of this document, be

served on the Texas Department of Insurance Commissioner, 333 Guadalupe Street,

Austin, Texas 78701, via certified mail, return receipt requested, in accordance with Texas

Insurance Code § 804.103(c)(1).  Plaintiff will forward to the Texas Department of

Insurance the $50.00 fee required by § 804.201 of the Texas Insurance Code.

## JURISDICTION AND VENUE

4.    The Court has jurisdiction over this cause of action because the amount in controversy is

within the jurisdictional limits of the Court.  Plaintiff is seeking monetary relief over

$200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend the petition

during or after the discovery process.

5.    The Court has jurisdiction over Defendant because this Defendant engages in the business

of insurance in the State of Texas, and Plaintiff's causes of action arise out of this

Defendant's business activities in the State of Texas.

6.      Venue is proper in Tarrant County, Texas, because the insured property at issue is situated

        in this county and the events giving rise to this lawsuit occurred in this county.

### FACTS

7.      Plaintiff is the owner of Texas insurance policy NPP8299259 (hereinafter the "Policy"),

        which was issued by Defendant.

8.      Plaintiff owns the insured property, which is specifically located at 5901 E. Lancaster

        Avenue, Fort Worth, Tarrant County, Texas 76112 (hereinafter the "Property").

9.      Defendant sold the Policy insuring the Property to Plaintiff.

10.     On or about March 23, 2016, a hailstorm event caused structural and exterior damage to

        the insured Property.

11.     Plaintiff submitted a claim to Defendant against the Policy for damages the Property

        sustained as a result of the hail and windstorm.  Upon information and belief, Defendant

        assigned number 127438 for the claim.

12.     Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the

        Policy.

13.     Defendant set about to deny and/or underpay on properly covered damages.  As a result of

        Defendant's unreasonable investigation of the claim, including not providing full coverage

        for the damages sustained by Plaintiff, as well as under-scoping the damages during its

        investigation and thus denying adequate and sufficient payment to Plaintiff to repair the

        Property, Plaintiff's claim was improperly adjusted.   The mishandling of Plaintiff's claim

        has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted

        in additional damages.  To this date, Plaintiff has yet to receive the full payment to which

        he is entitled under the Policy.

14.     As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Defendant underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

15.     To date, Defendant continues to delay in the payment for the damages to the property.  As such, Plaintiff has not been paid in full for the damages to the Property.

16.     Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiff.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

17.     Defendant misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

18.     Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

19.     Defendant failed to explain to the Plaintiff the reasons for their offer of an inadequate settlement.   Specifically, Defendant failed to offer Plaintiff adequate compensation,

without any or adequate explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20.     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

21.     Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

22.     Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

23.     Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX. INS. CODE §542.056.

24.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

25.     From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

26.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

27.     As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

28.   Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

29.   The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

30.   Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

31.   Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

32.   The Defendant's breach proximately caused Plaintiff's injuries and damages.

33.   All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34.   Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

35.   Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

36.     Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37.     Defendant's unfair settlement practices, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

38.     Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

39.     Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

40.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiff's injuries and damages.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

41.     The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice.  The Defendant is liable for the Claim.  Defendant's conduct constitutes

---

multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

42.    Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

43.    Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

44.    Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

45.    Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiff's injuries and damages.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

46.    The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

47.    Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

48. Defendant's conduct proximately caused Plaintiff's injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

49. Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

50. Plaintiff is a "consumer" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

51. The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

a) Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

b) Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c) Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d) Generally engaged in unconscionable courses of action while handling the Claim; and/or

e) Violated the provisions of the Texas Insurance Code described herein.

52. The Defendant took advantage of the Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff's detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## COMMON LAW FRAUD

53.     Defendant is liable to Plaintiff for common law fraud.

54.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

55.     The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

56.     The Defendant knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff with the intent of inducing Plaintiff to accept a denial and/or underpayment of insurance benefits.  The Defendant allowed Plaintiff to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment.  Plaintiff relied upon said statements in accepting the denial and/or underpayment of the Claim, and suffered injury as a result.

## DAMAGES

57.     Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct.  Plaintiff respectfully requests the Court and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future.  There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred.  From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage

allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

58.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

59.    The damages caused by hail and/or wind have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

60.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

61.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.   For knowing conduct of the acts described above, Plaintiff asks for three times actual damages.   Tex. Ins. Code §541.152.

62.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.   Tex. Ins. Code §542.060.

63.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of

duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

64.     For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest and court costs.

65.     For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

66.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

67.     Plaintiff is not making any claims for relief under federal law.

## JURY DEMAND

68.     Plaintiff requests a jury trial, and have tendered any and all requisite fees for such along with the filing of this *Plaintiff's Original Petition*.

## REQUEST FOR DISCLOSURE

69.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the Plaintiff as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

By: _____
    Shaun W. Hodge
    Texas Bar No. 24052995
    The Hodge Law Firm, PLLC
    Old Galveston Square Building
    2211 Strand, Suite 302
    Galveston, Texas 77550
    Telephone: (409) 762-5000
    Facsimile: (409) 763-2300
    Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFF

FILED
TARRANT COUNTY
5/3/2017 3:34:40 PM
THOMAS A. WILDER
DISTRICT CLERK

# CIVIL PROCESS REQUEST

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** 236-291904-17

**CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): **Plaintiff's Original Petition**

**FILE DATE OF MOTION:** **May 2, 2017** _____

Month/ Day/ Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. **NAME:** **WESTERN WORLD INSURANCE COMPANY c/o Commissioner of Insurance**

   **ADDRESS:** **Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701**

   **AGENT,** (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
- ☐ **MAIL**          ☒ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
     Type of Publication:    ☐ **COURTHOUSE DOOR, or**
                             ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2. **NAME:** _____

   **ADDRESS:** _____

   **AGENT,** (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
- ☐ **MAIL**          ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
     Type of Publication:    ☐ **COURTHOUSE DOOR, or**
                             ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

**NAME:** **Shaun W. Hodge**          TEXAS BAR NO./ID NO. **24052995**

**MAILING ADDRESS:** **Hodge Law Firm, PLLC, 2211 Strand, Suite 302, Galveston, Texas 77550**

**PHONE NUMBER:** **(409)** **762-5000**          **FAX NUMBER:** **(409)** **763-2300**

area code    phone number          area code    fax number

**EMAIL ADDRESS:** **shodge@hodgefirm.com**

CIVIC108 Revised 9/2/99

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 90 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
ORDER TO: _____
(specify)

MOTION TO: _____
(specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC108 Revised 4-9-2-99