**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LANCASTER CENTER, LLC** § § § | | |
| **v.** § § § | **CIVIL ACTION NO. 4:17-CV-461-Y** | |
| **WESTERN WORLD INSURANCE COMPANY** § § | | |

**PLAINTIFF'S AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LANCASTER CENTER, LLC, Plaintiff or "LANCASTER CENTER", and files this Plaintiff's Amended Complaint, complaining of WESTERN WORLD INSURANCE COMPANY, Defendant or "WESTERN WORLD", and for cause of action, would respectfully show this honorable Court the following:

**PARTIES**

1. Plaintiff, LANCASTER CENTER, LLC, owns the insured property which is the subject to this lawsuit in Tarrant County, Texas. The insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

2. Defendant, WESTERN WORLD, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas. Upon information and belief, according to the Texas Department of Insurance, WESTERN WORLD has its principal place of business located at 300 Kimball Drive, Suite 500, Parsippany, NJ 07054 and operates under National Association of Insurance

Commissioner's (NAIC) number 13196 and Texas Department of Insurance (TDI) license number 101155.

3. This Defendant has no designated agent in Texas on whom service of citation may be made in this cause. The causes of action arose from or are connected with purposeful acts committed by this Defendant in Texas. Accordingly, the Defendant was cited and served with process pursuant to Texas Administrative Code, Title 28, Part 1, Chapter 7, Subchapter N, Rules §§ 7.1405 and 7.1414 by serving the Commissioner of Insurance, Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701. Upon information and belief, the Commissioner forwarded citation by certified mail to Western World Insurance Company, 300 Kimball Drive, Suite 500, Parsippany, NJ 07054. Accordingly, Plaintiff requested citation, along with two e-filed copies of this document, be served on the Texas Department of Insurance Commissioner, 333 Guadalupe Street, Austin, Texas 78701, via certified mail, return receipt requested, in accordance with Texas Insurance Code § 804.103(c)(1). Plaintiff has forwarded to the Texas Department of Insurance the fee in the amount of $50.00 required by § 804.201 of the Texas Insurance Code.

**FACTUAL BACKGROUND**

4. Plaintiff, LANCASTER CENTER, is the owner of Texas insurance policy NPP8224985 (hereinafter the "Policy"), which was issued by Defendant, WESTERN WORLD. The policy period under the Policy initiated on June 15, 2015 and ended June 15, 2016. A true and correct copy of the Declaration Page of the successor policy (referencing policy number NPP8224985) is attached to this Plaintiff's Amended Complaint as Exhibit 1 and incorporated by reference.

5. Plaintiff, LANCASTER CENTER, owns the insured property, which is specifically located at 5901 E. Lancaster Avenue, Fort Worth, Tarrant County, Texas 76112 (hereinafter the "Property").

6. Defendant, WESTERN WORLD, sold the Policy insuring the Property to Plaintiff, LANCASTER CENTER.

7. On or about March 23, 2016, a hailstorm caused structural and exterior damage to the insured Property.

8. Plaintiff, LANCASTER CENTER, promptly submitted a claim to Defendant, WESTERN WORLD, against the Policy for damages the Property sustained as a result of the hail and/or windstorm on or about March 23, 2016. Plaintiff, LANCASTER CENTER, asked that Defendant, WESTERN WORLD, to cover the cost of repairs to the Property, pursuant to the Policy. Upon information and belief, Defendant, WESTERN WORLD, assigned number 127438 for the claim.

9. Defendant, WESTERN WORLD failed to fairly and adequately adjust the claim, and underpaid on properly covered damages. An inspection was conducted on or about October 13, 2016 by members of Team One Adjusting Services, LLC, the third party adjuster designated by WESTERN WORLD, Donan Engineering Company, Inc., an engineering company retained by WESTERN WORLD, and Cal Spoon, a public adjuster retained by LANCASTER CENTER. Donan Engineering issued a report conceding that the Property had sustained hail damage, but alleged that most of the damages had occurred from multiple storms preceding the policy period, and further alleged that any damages due to hail striking the Property on or about March 16-17, 2016 were minimal. A true and correct copy of the report is attached to this Plaintiff's Amended Complaint as Exhibit 2

and incorporated by reference. Relying on the Donan Engineering report, Defendant WESTERN WORLD denied the claim, alleging that the estimated costs for repair of any damages due to a weather-related event on or about March 16, 2016 were below the Policy deductible amount. A true and correct copy of the WESTERN WORLD correspondence dated November 22, 2016 is attached to this Plaintiff's Amended Complaint as Exhibit 3 and incorporated by reference. No payment was issued to Plaintiff LANCASTER CENTER.

10. Plaintiff, LANCASTER CENTER, retained a public adjuster who provided notice of representation to Defendant WESTERN WORLD on or about September 9, 2016. A true and correct copy of the public adjuster's letter of representation is attached to this Plaintiff's Amended Complaint as Exhibit 4 and incorporated by reference.

11. A true and correct copy of the public adjuster's estimate is attached to this Plaintiff's Amended Complaint as Exhibit 5 and incorporated by reference. The public adjuster's estimate is substantially higher than the replacement cost value alleged by WESTERN WORLD. It also includes estimate costs to replace or repair damaged items which were not recognized by WESTERN WORLD. To date, Defendant, WESTERN WORLD, has not agree to include a number of reasonable and necessary items and costs present in Plaintiff's public adjuster's estimate. Consequently, cause and amount of damages are genuine issues of material fact upon which the outcome of the legal case must be decided by jury.

12. The public adjuster filed a complaint against WESTERN WORLD with the Texas Department of Insurance, providing details of WESTERN WORLD's alleged mishandling

of the claim. A true and correct copy of the public adjuster's letter is attached to this Plaintiff's Amended Complaint as Exhibit 6 and incorporated by reference.

13. Plaintiff, LANCASTER CENTER, retained the Hodge Law Firm on or about January 16, 2017.

14. As a result of Defendant's inadequate investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff LANCASTER CENTER, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment to which it is entitled under the Policy.

15. As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Defendant underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

16. To date, Defendant continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to the Property.

17. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been

carried out and accomplished by the Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

18. Defendant misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

19. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

20. Defendant failed to explain to the Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without adequate explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide adequate explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

22. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

23. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny a full and reasonable payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing him with respect to these causes of action.

## CAUSES OF ACTION

25. In consideration of the above-numbered paragraphs, Defendant, WESTERN WORLD, is liable to Plaintiff, LANCASTER CENTER, for intentional breach of contract, as well as violations of the Texas Insurance Code and Deceptive Trade Practices Act, and breach of the common law duty of good faith and fair dealing, collectively and in the alternative.

## FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT

26. The Policy is a valid, binding, and enforceable contract between Plaintiff, LANCASTER CENTER, and Defendant, WESTERN WORLD.

27. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

28. Defendant's failure or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

29. The Defendant's breach proximately caused Plaintiff's injuries and damages.

## SECOND CAUSE OF ACTION:
## NONCOMPLIANCE WITH TEXAS INSURANCE CODE

30. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

31. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

32. Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

33. Defendant's unfair settlement practices, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

34. Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

35. Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

36. The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice. The Defendant is liable for the Claim. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

37. Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

38. Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiff's injuries and damages.

## THIRD CAUSE OF ACTION:
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

39. The Defendant, WESTERN WORLD, as the insurer of property owned by Plaintiff, LANCASTER CENTER, had a duty to deal fairly and in good faith with the Plaintiff in the processing of the insurance claim.

40. The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

41. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

42. Defendant's conduct proximately caused Plaintiff's injuries and damages.

## FOURTH CAUSE OF ACTION:
## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT

43. Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

44. Plaintiff is a "consumer" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

45. The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

   a)  Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

   b)  Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    c)    Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

    d)    Generally engaged in unconscionable courses of action while handling the Claim; and/or

    e)    Violated the provisions of the Texas Insurance Code described herein.

46. The Defendant took advantage of the Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff's detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## DAMAGES

47. Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct. Plaintiff respectfully requests the Court and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

48. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

49. The damages caused by hail and/or wind have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

50. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

51. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times actual damages. TEX. INS. CODE §541.152.

52. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

53. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

54. For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest and court costs.

## ATTORNEY'S FEES

55. Plaintiff, LANCASTER CENTER, would further show that because of Defendant's wrongful actions, Plaintiff has retained the Hodge Law Firm, PLLC and has agreed to pay them a reasonable fee for such services.

56. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in preparation and trial of this action, including any appeals to the Fifth Circuit Court of Appeals.

## CONDITIONS SATISFIED

57. Plaintiff has fully performed all acts necessary to perfect and establish all claims and causes of action asserted in this lawsuit.

## JURY DEMAND

58. Plaintiff requests a jury trial, and have tendered any and all requisite fees for such along with the filing of this Plaintiff's Amended Complaint.

## PRAYER

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the Plaintiff as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;
2) Statutory benefits;
3) Treble damages;
4) Exemplary and punitive damages;
5) Pre-judgment interest as provided by law;
6) Post-judgment interest as provided by law;
7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiff may be justly entitled.

                        Respectfully Submitted,

By: _____
      Shaun W. Hodge
      Texas Bar No. 24052995
      The Hodge Law Firm, PLLC
      Old Galveston Square Building
      2211 Strand, Suite 302
      Galveston, Texas 77550
      Telephone: (409) 762-5000
      Facsimile: (409) 763-2300
      Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      The undersigned attorney certifies that on the 6th day of July, 2017, a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and/or facsimile transmission and/or certified mail, return receipt requested in accordance with the Federal Rules of Civil Procedure:

Robert G. Hogue
**ROBERT G. HOGUE, P.C.**
Highland Park Place
4514 Cole Avenue, Suite 600
Dallas, Texas 75205-4193
Telephone: (214) 559-7107
Facsimile: (214) 559-7101
Email: robhogue@msn.com

A. Scott Campbell
**Law Office of A. Scott Campbell**
5900 South Lake Forest Drive, Suite 200
McKinney, Texas 75070-2199
Telephone: (972) 984-1504
Facsimile: (972) 632-1301
Email: scampbell@scampbellaw.com

_____
Shaun W. Hodge